REARDON (GRAY v.). See Case No. 5,727.

---

## Case No. 11,616.

REARDON v. MILLER.

[3 Cranch, C. C. 344.] [1]

Circuit Court, District of Columbia. Nov. Term, 1828.

SLAVERY—ADVERSE POSSESSION—UNDER BILL OF SALE.

Possession of a slave, under an absolute bill of sale, without notice of a prior bill of sale by the same vendor to a trustee, for the benefit of the vendor's wife and children, is adverse to the trustee, and, if continued five years, is a bar to his right of action, although the second deed was made with the consent of the vendor's wife.

Detinue of a slave. Manly, in 1800, made a deed to Reardon of a slave called Henry Nokes, for the benefit of Manly's wife, and such children as he had, or should have, by her. The slave was then only one year old. In 1810 Manly, with the consent of his wife, sold the same slave to Mordecai Miller, the defendant, for $250, as a slave for life, by an absolute bill of sale under seal, with warranty; but the former deed to Reardon was not known to Miller, who resided in Alexandria, although it was recorded in Virginia. Miller had possession of the slave from 1810 until the present time. He purchased this slave for the purpose of emancipating him at a future day.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

Mr. Taylor, for defendant, contended that the possession of Miller was adverse to the plaintiff, who, after the death of Mrs. Manly, brought this suit for the benefit of the children.

Mr. Mason, contra. The possession was not adverse to the plaintiff, claiming as trustee for the children. Until the death of Mrs. Manly the children could not sue, nor could their trustee.

THE COURT (MORSELL, Circuit Judge, absent) was divided in opinion upon the question whether Mr. Miller's possession was adverse to the plaintiff's title.

CRANCH, Chief Judge, thought it was. The defendant claimed to the extent of his title under the absolute deed, without notice, which title was clearly adverse to that of the plaintiff.

THRUSTON, Circuit Judge, contra, was of opinion that the plaintiff could not have maintained an action against the defendant during the life of Mrs. Manly, because the defendant received the possession with her assent, and, therefore, the defendant's possession must be considered as her possession; and a trustee cannot recover the possession from his cestui que trust.

The jury could not agree, and the cause was continued, and came on again for trial at the present term, when Mr. Taylor, for the defendant, prayed the court to instruct the jury, that if they should be satisfied by the evidence, that the defendant had been in adverse possession of the slave for five years before the commencement of the suit, the plaintiff cannot recover in this action, which instruction THE COURT (THRUSTON, Circuit Judge, contra) gave, and further instructed the jury that such possession by Mr. Miller, claiming contrary to the deed of trust, and under his deed from John Manly, was, if proved in law, an adverse possession.